UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 18-82** |
| **STEPHEN J. SCOTT** | **SECTION: "H"(2)** |

### ORDER AND REASONS

Before the Court is Defendant Stephen J. Scott's Motion for Compassionate Release (Doc. 40). For the following reasons, the Motion is **DENIED**.

### BACKGROUND

Defendant Stephen J. Scott has served roughly 50 months of his 135-month sentence for bank robbery.[1] Defendant now asks this Court for compassionate release pursuant to 18 U.S.C. § 3852(c) because of a family tragedy. Leronisha Williams, Defendant's partner and the mother of his son, has a young daughter, C.W. In November of 2020, the seven-year-old C.W. was playing in front of her aunt's house when armed men approached and fired shots at another individual sitting on the porch behind C.W. One of the bullets

---

[1] Defendant was arrested on April 10, 2018 for the underlying offense of bank robbery, and he was sentenced on February 21, 2019 to his current sentence.

1

struck C.W. and damaged her spinal cord, leaving her paralyzed from the chest down.[2] Defendant seeks compassionate release to return home and care for C.W. and his son so that Ms. Williams can work full-time to support the family. The Government opposes.

## LEGAL STANDARD

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."[3] Section 3582(c), as amended by the First Step Act, states in relevant part that:

> The court may not modify a term of imprisonment once it has been imposed except that-- (1) in any case-- (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i)    extraordinary and compelling reasons warrant such a reduction; . . .

---

[2] C.W. is apparently able to use her arms and speak clearly after the accident. She is confined to a wheelchair.
[3] United States v. Garcia, 606 F.3d 209, 212 (5th Cir. 2010).

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The Sentencing Commission's policy statement regarding compassionate release sets forth what facts are considered "extraordinary and compelling." "Although historically sentence reductions could be ordered only upon a motion by the Director of the Bureau of Prisons, the First Step Act of 2018 amended the statute to additionally allow prisoners to petition the Court."[4] The Sentencing Commission's policy statements have not, however, been amended since the enactment of the First Step Act, "and consequently, a portion of the policy statement now squarely contradicts 18 U.S.C. § 3582(c)(1)(A) as amended."[5] In recognizing this discrepancy,

> [m]any courts have concluded that this discrepancy means that the Sentencing Commission does not have a policy position applicable to motions for compassionate release filed by defendants pursuant to the First Step Act. Accordingly, other district courts have found that they have discretion to determine what constitutes an "extraordinary and compelling reason[ ]" on a case by case basis, and reliance on the policy statement may be helpful, but not dispositive.[6]

Indeed, the Fifth Circuit has joined the Second, Fourth, Sixth, Seventh, and Tenth Circuits in holding that "neither the [Sentencing Commission's] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582."[7] Accordingly, this Court is not

---

[4] United States v. Perdigao, No. CR 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020).
[5] *Id.*
[6] *Id.*
[7] United States v. Shkambi, 993 F.3d 388, 393 (5th Cir. 2021); *see, e.g.*, United States v. McGee, 992 F.3d 1035, 1050 (10th Cir. 2021); United States v. Brooker, 976 F.3d 228, 237 (2d

3

constrained by the Commission's policy statement in considering whether Defendant has presented an extraordinary and compelling reason for modification of his sentence. It is "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."[8]

The Fifth Circuit has explained, however, that although it is not dispositive, the policy statement may inform the Court's "analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."[9] The policy statement provides, in relevant part, that, so long as a defendant is not a danger to the community, extraordinary and compelling reasons exist under the following circumstances:

> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or

---

Cir. 2020); United States v. McCoy, 981 F.3d 271, 281 (4th Cir. 2020); United States v. Price, 496 F. Supp. 3d 83, 87 (D.D.C. 2020).
[8] *Shkambi*, 993 F.3d at 393.
[9] United States v. Thompson, 984 F.3d 431, 433 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021).

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[10]

## LAW AND ANALYSIS

Both parties agree that Defendant has exhausted administrative remedies to seek compassionate release. The only questions before the Court, then, are whether extraordinary and compelling reasons warrant compassionate release and whether the factors in § 3553(a) favor early release.

---

[10] U.S.S.G. 1B1.13.

Defendant argues that Ms. Williams's inability to care for C.W. and their son while also working to support the family constitutes an extraordinary and compelling reason for compassionate release. After a few months of dating, Defendant moved in with Ms. Williams in 2016 and began acting as a father figure to C.W., who has never known her biological father. Defendant and Ms. Williams had a son in 2017. In April of 2018, Defendant was arrested for bank robbery, and in February of 2019, he was sentenced to 135 months in prison, to be followed by a three-year term of supervised release.

In November of 2020, C.W. was tragically injured, precipitating the circumstances that led to the instant Motion. Defendant alleges that post-injury, C.W. requires constant care in the form of bathing, using the bathroom, taking medications, attending physical and mental therapy, and more. Ms. Williams is left to do all of this on her own, in addition to caring for her young son. Defendant alleges that—for a variety of reasons—no family members from either his or Ms. Williams's family can assist in taking care of C.W. and her brother. Additionally, Defendant alleges that Ms. Williams suffers from mental illness but cannot afford or attend further treatment because of her responsibilities to her children. Defendant asks this Court to reduce his sentence to time served and modify his term of supervised release to include home confinement and other conditions the Court finds appropriate. Defendant avers that he can take Ms. Williams's place as C.W.'s caregiver so that she can return to work.

While Defendant's desire to help is as admirable as his family circumstances are tragic, the Court cannot ignore its serious concerns with

Defendant's criminal past and his history of substance abuse simply because he appears to have good intentions. At the time of sentencing, Defendant qualified as a career offender under the Sentencing Guidelines because in 2006 he attempted three separate armed robberies of gas stations. Notably, Defendant served nine years in prison for these crimes, but then went on to perpetrate the instant offense after his incarceration had ended. Defendant admits that all of his robbery efforts have been fueled by addiction. While Defendant has completed a drug education program during his time with the Bureau of Prisons, it is unclear if he has achieved sobriety long enough to resist committing another crime under the influence of addiction. Further, Defendant has only served roughly 40% of his full term of imprisonment.

Defendant cites to other cases where courts granted compassionate release based at least in part on a caretaker's inability to provide necessary care for a dependent without help from the defendant. While the Court agrees that these circumstances certainly *could* constitute extraordinary and compelling reasons in light of the totality of the circumstances, it does not follow that they do so here. Through his past actions, Defendant has proved that he is dangerous to others and himself, and the Court cannot say that his presence will more likely ameliorate a difficult situation than exacerbate its strenuousness.

## CONCLUSION

For the foregoing reasons, the Motion (Doc. 40) is **DENIED**.

New Orleans, Louisiana this 9th day of August, 2022.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**